

**FILED**

**November 8, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:10 A.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Birchett | ) | Docket Nos. 2010-07-0030 |
| | ) | 2010-07-0031 |
| v. | ) | |
| | ) | State File Nos. 2792-2017 |
| Gambrell Hickory Mill | ) | 2793-2017 |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded – Filed November 8, 2017

---

The claimant asserted he sustained two work-related injuries while working for the alleged employer as a diesel mechanic. The alleged employer, a manufacturer of ax handles, denied that the claimant was its employee but asserted that he was an independent contractor who was allowed to operate his diesel repair business out of the manufacturer's shop. Following an expedited hearing, the trial court concluded that the claimant was an independent contractor rather than an employee, and it denied the claimant's request for medical and temporary disability benefits. The claimant has appealed, asserting that the trial court erred in several evidentiary rulings. However, the claimant did not file a transcript of the expedited hearing, a statement of the evidence, or a brief setting out his argument on appeal. We affirm the trial court's determination and remand this case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Gary Birchett, Bethel Springs, Tennessee, employee-appellant, pro se

Lewis Cobb, Jackson, Tennessee, for the employer-appellee, Gambrell Hickory Mill

**Memorandum Opinion**[1]

Gary Birchett ("Claimant"), a diesel mechanic, alleges he suffered injuries on two separate occasions while employed at Gambrell Hickory Mill ("Gambrell"), a facility that manufactures ax handles. Gambrell, however, denied that Claimant was an employee and asserted he was an independent contractor. After conducting an expedited hearing, considering the testimony of the parties and their witnesses, and reviewing the documents admitted into evidence, the trial court found Gambrell's witnesses' testimony more credible and concluded Claimant was an independent contractor. Claimant has appealed.

In his notice of appeal, Claimant asserts that the trial court erred in: (1) allowing a witness to testify about an alleged motorcycle accident; (2) concluding that Gambrell's documentary evidence accurately reflected the work Claimant did for Gambrell; and (3) not requiring Gambrell to produce a Form 1099 Claimant apparently requested. Claimant further alleges that "some of the things that were sustained made it into exhibits." Notably, however, Claimant does not dispute the trial court's ultimate conclusion that he was an independent contractor rather than an employee.

Other than filing his notice of appeal, Claimant has not filed anything in support of his appeal. He provided neither a transcript of the expedited hearing nor a statement of the evidence. Moreover, he has not filed a brief or position statement explaining how he believes the trial court erred in its evidentiary decisions.

As we have noted in numerous prior cases, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or statement of the evidence, and fails to offer any substantive argument on appeal. *See, e.g.*, *Walton v. Averitt Express, Inc.*, No. 2015-08-0306, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *3 (Tenn. Workers' Comp. App. Bd. June 2, 2017). Without a transcript or a statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as summarized in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Review of a trial court's decision is accompanied by a presumption that the factual findings are correct. Tenn. Code Ann. § 50-6-239(c)(7) (2017). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Britt*, 2007 Tenn. App. LEXIS 38, at *7. *See also Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts." *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007). Moreover, a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 (Tenn. Ct. App. Dec. 21, 2012).

Furthermore, Employee has not filed a brief or position statement in support of his appeal and has offered no substantive argument explaining how he believes the trial court erred in denying his claim, and we decline to do so for him. We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

The trial court in this case concluded that Claimant had failed to present sufficient evidence to show he was likely to succeed at trial in proving he was an "employee" as that term is defined in Tennessee Code Annotated section 50-6-102(12) (2017). Claimant has not alleged on appeal that the trial court's determination as to his status as an independent contractor was incorrect. Consistent with established Tennessee law as discussed above, we presume the trial court's decision on this issue is supported by the evidence. Therefore, the trial court's order is affirmed in all respects, and this case is remanded for any further proceedings that may be necessary.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Birchett | ) | Docket No. 2017-07-0030 |
| | ) | 2017-07-0031 |
| v. | ) | |
| | ) | State File No. 2792-2017 |
| Gambrell Hickory Mill | ) | 2793-2017 |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of November, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Gary Birchett** | | X | | | X | 2051 Major Hill Road Bethel Springs, TN 38315; lbirchett10@yahoo.com |
| **Lewis Cobb** | | | | | X | lewiscobb@spraginslaw.com |
| **Allen Phillips, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov